UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfonso BENITEZ–RODRIGUEZ, also known as Alfonso Rodriguez–Benitez, also known as Valentin Benitez–Rodriguez, also known as Onesimo Benitz, also known as Samuel Benitez Noblez, also known as Valentine Benitez, also known as Onesimo Ponce, Defendant–Appellant.

No. 05–50307.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Donna F. Coltharp, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Alfonso Benitez–Rodriguez raises arguments that are foreclosed by *United States v. Scroggins*, 411 F.3d 572, 576–77 (5th Cir.2005), which held that the Due Process Clause does not bar the application of Justice Breyer's remedy opinion in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when resentencing defendants in light of *Booker*, and by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.